**CIVIL ACTION NO.** SCUV2022000301

**DATE FILED** 02.24.2022

**ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER**

JENSEN LAW, LLC
6111 Peachtree Dunwoody Rd
Suite G201
Atlanta, GA 30328

Phone: 404-842-9380

**NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED**

APRIL COMBS
576 Ridgeview CT
Monroe, GA 30655

Phone: 470-382-2271

**[ ] MAGISTRATE [ ] STATE [X] SUPERIOR - COURT
GWINNETT COUNTY, GEORGIA**

JEAN-LOUIS, MURIELLE

JEAN-LOUIS, GARRY
**PLAINTIFF(S)**
vs.
COMBS, APRIL

BOLEMAN, ANGELA
**DEFENDANT(S)**

**GARNISHEE**

**Other attached documents to be served:** Complaint, Summons, Interrogatories, Request for Production of Documents, Request for Admission

## SHERIFF'S ENTRY OF SERVICE

**I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:**

[✓] **PERSONAL**   Upon the following named defendant:   April Combs

[ ] **NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to_____ described as follows: approximate age

yrs; approximate weight_____pounds; approximate height_____feet and_____inches, domiciled at residence of the defendant.

[ ] **CORPORATION** Upon corporation_____

By serving _____, in charge of the office and
place of business of the corporation in this county.

By serving _____ , its registered agent.

[ ] **TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

[ ] **NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

_____

_____

This ____4____ day of ____April_____, 20_22_.

SHERIFF DOCKET_____ PAGE_____      ____CDcy____  43346

TIME: _____ ____. M.                          DEPUTY

# SUPERIOR COURT OF WALTON COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
WALTON COUNTY, GEORGIA
**SUCV2022000301**
JEFFREY L. FOSTER
FEB 24, 2022 01:56 PM

*Karen P David*
Karen P David, Clerk
Walton County, Georgia

CIVIL ACTION NUMBER   SUCV2022000301

Jean-Luis, Murielle
Jean-Luis, Garry

**PLAINTIFF**

                                    **VS.**

Combs, April
Boleman, Angela

**DEFENDANTS**

## SUMMONS

TO: COMBS, APRIL

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Eric L. Jensen**
> **Jensen Law, LLC**
> **6111 peachtree dunwoody road**
> **Building G, suite 201**
> **ATLANTA, Georgia 30328**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 24th day of February, 2022.**

Clerk of Superior Court

*Karen P David*
Karen P David, Clerk
Walton County, Georgia

⚡ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
WALTON COUNTY, GEORGIA

**SUCV2022000301**

**JEFFREY L. FOSTER**
**FEB 24, 2022 01:56 PM**

*Karen P David*
Karen P David, Clerk
Walton County, Georgia

## IN THE SUPERIOR COURT OF WALTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| GARRY JEAN-LOUIS and<br>MURIELLE JEAN-LOUIS, | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APRIL COMBS and | ) | |
| ANGELA BOLEMON. | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW Garry Jean-Louis and Murielle Jean-Louis, Plaintiffs, by and through undersigned counsel, make and file this Complaint against Defendants April Combs and Angela Bolemon (hereinafter "Defendant"), showing as follows:

1.

Plaintiffs are Georgia residents and subject to the jurisdiction of this court.

2.

Defendant April Combs may be served with a copy of the Summons and Complaint at their home address: 576 Ridgeview CT, Monroe, GA 30655. Defendant is subject to the jurisdiction of this Court.

3.

Defendant Angela Bolemon may be served with a copy of the Summons and Complaint at their home address: 337 Annslee Cir. Loganville, GA 30052. Defendant is subject to the jurisdiction of this Court.

4.

Jurisdiction and venue are proper in this court.

## BACKGROUND

4.

On September 22, 2021, Plaintiffs stopped at a redlight as they traveled East on Well Spring St.  As the light turned green, they were rear-ended by Defendant April Combs.

5.

On September 22, 2021, Defendant Angela Boleman. stopped at a redlight as they traveled East on Well Spring St.  As the light turned green, they were rear-ended by Defendant April Combs.

6.

As a result of the collision, Plaintiffs suffered serious injuries and damages.

7.

Plaintiffs are entitled to recover all past, present, and future damages suffered as a result of this incident.

## COUNT I: NEGLIGENCE

8.

Plaintiffs incorporate by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

9.

Defendant had a duty to exercise ordinary care and operate the vehicle they drove in a reasonably safe manner under the circumstances.

10.

2

Defendant breached that duty by following too closely, failing to maintain a proper lookout for Plaintiffs' vehicle, and/or generally driving in an unsafe manner.

11.

Defendant's breach and the corresponding actions as described in this Complaint constitute negligence.

12.

As a direct and proximate result of Defendant's negligent actions, Plaintiffs suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

13.

As a direct and proximate result of Defendant's negligence, Plaintiffs suffered injuries and damages. Plaintiffs are entitled to monetary damages from Defendant to compensate them for the following elements of damage:

a.     Medical expense;

b.     Pain and suffering;

c.     Mental anguish; and

d.     Diminished quality of life.

14.

As a proximate result of Defendant's negligence, Plaintiff Garry Jean-Louis suffered special damages not less than as follows:

| AICA Orthopedics | $ | 4,887.00 |
|---|---|---|
| Total Special Damages | $ | 4,887.00 |

3

15.

Defendant has been stubbornly litigious, acted in bad faith, or has caused Plaintiff Garry Jean-Louis to incur unnecessary trouble and expense for which they are entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff Garry Jean-Louis demands judgment against Defendant for special damages in an amount to be proven at trial, but no less than $4,887.00 for general damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

16.

As a proximate result of Defendant's negligence, Plaintiff Murielle Jean-Louis suffered special damages not less than as follows:

| AICA Orthopedics | $ | 5,341.00 |
|---|---|---|
| Total Special Damages | $ | 5,341.00 |

17.

Defendant has been stubbornly litigious, acted in bad faith, or has caused Plaintiff Murielle Jean-Louis to incur unnecessary trouble and expense for which they are entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant for special damages in an amount to be proven at trial, but no less than $5,341.00 for general damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

4

## COUNT II: NEGLIGENCE PER SE

18.

Plaintiffs incorporate by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

19.

Defendant had a duty to exercise ordinary care and operate their vehicle in a reasonably safe manner under the circumstances.

20.

Defendant breached that duty by following too closely, failing to maintain a proper lookout for Plaintiffs' vehicle, and/or generally driving in an unsafe manner.

20.

Defendant's actions are in violation of Georgia law, specifically O.C.G.A. § 40-6-48 Improper/Erratic Lane Change/Failure to Maintain Lane.  Their violation of Georgia law as described in this Complaint constitutes negligence per se.

21.

As a direct and proximate result of Defendant's negligent per se actions, Plaintiffs suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

22.

As a direct and proximate result of Defendant's negligence per se, Plaintiffs suffered injuries and damages. Plaintiffs are entitled to monetary damages from Defendant to compensate them for the following elements of damage:

    a.     Medical expense;

    b.     Pain and suffering;

    c.     Mental anguish; and

    d.     Diminished quality of life.

23.

As a proximate result of Defendant's negligence, Plaintiff Garry Jean-Louis suffered special damages not less than as follows:

| AICA Orthopedics | $ | 4,887.00 |
|---|---|---|
| Total Special Damages | $ | 4,887.00 |

24.

Defendant has been stubbornly litigious, acted in bad faith, or has caused Plaintiff Garry Jean-Louis to incur unnecessary trouble and expense for which they are entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff Garry Jean-Louis demands judgment against Defendant for special damages in an amount to be proven at trial, but no less than $4,887.00, for general damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

25.

As a proximate result of Defendant's negligence, Plaintiff Murielle Jean-Louis suffered special damages not less than as follows:

| AICA Orthopedics | $ | 5,341.00 |
|---|---|---|
| Total Special Damages | $ | 5,341.00 |

26.

Defendant has been stubbornly litigious, acted in bad faith, or has caused Plaintiff Murielle Jean-Louis to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff Murielle Jean-Louis demands judgment against Defendant for special damages in an amount to be proven at trial, but no less than $5,341.00, for general damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

This 11th day of February 2022.

By:   */s/Eric Jensen*
Eric L. Jensen
Georgia Bar No. 391259
Attorneys for Plaintiff

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Bldg. G, Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

7

&#x1F4C4; **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
WALTON COUNTY, GEORGIA
**SUCV2022000301**
JEFFREY L. FOSTER
FEB 24, 2022 01:56 PM

*Karen P David*
Karen P David, Clerk
Walton County, Georgia

IN THE SUPERIOR COURT OF WALTON COUNTY
STATE OF GEORGIA

GARRY JEAN-LOUIS and                    )
MURIELLE JEAN-LOUIS,                     )
                                          )    CIVIL ACTION
        Plaintiffs,                       )
                                          )
v.                                        )
                                          )
APRIL COMBS,                              )
                                          )
        Defendant.                        )

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

COMES NOW Plaintiff and requests pursuant to O.C.G.A. § 9-11-36(a) that Defendant admit the matters set forth below, or deny same in writing, within forty-five (45) days from the date of service hereof.  The definitions and instructions in Plaintiffs' First Interrogatories to Defendant are incorporated herein by reference.

### INSTRUCTIONS

1.      In answering these Requests, you shall admit or deny the matter specifically, or set forth in detail the reasons why you cannot admit or deny the matter truthfully.  You may not give lack of information or knowledge as a reason for failure to admit or deny unless you have made reasonable inquiry and the information known or readily obtainable by you is insufficient to enable you to admit or deny the request.

2.      Defendant is advised that if she fails to admit the truth of any matter as requested, and if Plaintiffs thereafter prove the truth of the matter, Plaintiffs will apply to the Court for an order requiring Defendant to pay for reasonable expenses incurred in making that proof, including reasonable attorney's fees.

3.      As used herein, the term "you" shall refer to Defendant April Combs and, where applicable in context, your agents, servants, attorneys, representatives, or other person or persons acting for or purportedly acting on its behalf.

4.      As used herein, the term "Plaintiffs" shall refer to Plaintiff Garry Jean-Louis and Plaintiff Murielle Jean-Louis and, where applicable in context, their agents, attorneys, servants, representatives, affiliates, subsidiaries or any other person or person acting for or purportedly acting on their behalf.

<u>Defendant is requested to admit that the following statements are true:</u>

1.

You reside at 576 Ridgeview CT, Monroe, GA 30655.

2.

You are subject to the jurisdiction of this Court.

3.

Venue is proper in this Court.

4.

On September 22, 2021, Plaintiffs stopped at a redlight as they traveled East on Well Spring St.

5.

As the light turned green, suddenly and without warning, Defendant April Combs rear ended Plaintiffs' vehicle.

6.

As a result of the collision, Plaintiff suffered injuries.

7.

You caused this incident by following too closely, failing to maintain a proper lookout, and/or by generally driving in an unsafe manner.

8.

The collision was caused by your negligence.

9.

Plaintiffs are entitled to recover all past, present, and future damages suffered as a result of the subject collision.

10

You had a duty to exercise ordinary care and operate your vehicle in a reasonably safe manner under the circumstances.

11.

You failed to exercise that duty by improperly backing out, failing to maintain a proper lookout, and/or by generally driving in an unsafe manner.

12.

Your breach and the corresponding actions as described in Plaintiffs' Complaint constitute negligence.

13.

As a direct and proximate result of your negligent actions, Plaintiffs suffered bodily injuries, emotional injuries, continuing pain, lost wages, suffering and discomfort, diminished quality of life, and medical expenses.

14.

As a direct and proximate result of your negligence, Plaintiffs suffered injuries and damages. Plaintiffs are entitled to monetary damages from you to compensate them for the following elements of damage:

    a)    Medical expense;

    b)    Pain and suffering;

    c)    Lost wages;

    d)    Mental anguish;

    e)    Diminished quality of life.

15.

As a proximate result of your negligence, Plaintiffs suffered special damages.

16.

You have been stubbornly litigious, acted in bad faith, and caused Plaintiffs to incur unnecessary trouble and expense for which they are entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

17.

As a direct result of your negligent actions, Plaintiffs suffered emotional injuries.

18.

As a proximate result of your negligent actions, Plaintiffs suffered emotional injuries.

19.

As a direct result of your negligent actions, Plaintiffs suffer continuing pain.

20.

As a proximate result of your negligent actions, Plaintiffs suffer continuing pain.

21.

As a direct result of your negligent actions, Plaintiffs suffer continuing discomfort.

22.

As a proximate result of your negligent actions, Plaintiffs suffer continuing discomfort.

23.

As a direct result of your negligent actions, Plaintiffs have incurred medical expenses.

24.

As a direct result of your negligent actions, Plaintiffs will continue to incur medical expenses.

25.

As a proximate result of your negligent actions, Plaintiffs have incurred medical expenses.

26.

As a proximate result of your negligent actions, Plaintiffs will continue to incur medical expenses.

27.

As a direct result of your negligence, Plaintiffs suffered injuries.

28.

As a proximate result of your negligence, Plaintiffs suffered injuries.

29.

As a direct result of your negligence Plaintiffs suffered damages.

30.

As a proximate result of your negligence Plaintiffs suffered damages.

31.

Plaintiffs are entitled to monetary damages from you to compensate them for past and future medical expense.

32.

Plaintiffs are entitled to monetary damages from you to compensate them for past and future pain and suffering.

33.

Plaintiffs are entitled to monetary damages from you to compensate them for past and future mental anguish.

This the 15th day of February 2022.

/s/ Eric L. Jensen
Eric L. Jensen
Georgia Bar No. 391259
*Attorney for Plaintiff*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G- Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
WALTON COUNTY, GEORGIA

**SUCV2022000301**

JEFFREY L. FOSTER
FEB 24, 2022 01:56 PM

*Karen P David*
Karen P David, Clerk
Walton County, Georgia

IN THE SUPERIOR COURT OF WALTON COUNTY
STATE OF GEORGIA

GARRY JEAN-LOUIS and                    )
MURIELLE JEAN-LOUIS,                    )
                                        )          CIVIL ACTION
    Plaintiffs,                          )
                                        )
v.                                      )
                                        )
APRIL COMBS,                            )
                                        )
    Defendant.                           )

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT APRIL COMBS

COMES NOW, Plaintiff, and serves their first Interrogatories on Defendant April Combs.

Defendant April Combs is required to respond to the following Interrogatories under oath within

forty-five (45) days from the date of service of these Interrogatories upon them.

## DEFINITIONS

The following definitions shall apply to these Interrogatories:

A.    "You" and "your" shall mean and refer to Defendant April Combs and all its agents,

employees, attorneys, accountants, subsidiary or affiliated corporations, representatives or other

persons acting or purporting to act on its behalf.

B.    "Person" shall mean and include any natural person, firm, partnership, trust, estate,

association, corporation, proprietorship, joint venture, governmental body, governmental agency or

commission or any other organization or entity whether or not recognized as such by law.

C.    "Document" is intended to have the broadest permissible meaning under the Civil

Practice Act, and includes, without limitation, recordings, imprintings or otherwise preserving

statements, images, sounds, and/or any other form of information, whether printed or recorded or

reproduced by any mechanical or electronic process, or written or produced by hand, books,

magazines, pamphlets, bulletins, publications, letters, emails, telegraphs, telegrams, cables, notes, messages, diaries, calendars, appointment books, time sheets, logs, schedules, memorandum, interoffice and intra-office communications, reports, working papers, diagrams, drawings, drafts, tabulations, indexes, statements, receipts, warranties, summaries, electronic mail transfers, teletypes, telefaxes, telecopies, worksheets, meeting minutes, recordings, sketches, graphs, charts, engineering notebooks, tapes, disks, electronic recording data sheets, data processing cards or other data computations, photographs, movies, assignments, contracts, agreements, official documents and legal instruments, annual reports and reports to shareholders and partners, and minutes or reports of minutes of directors or executive boards or committees, advertising or promotional literature and press releases, studies, analyses, agenda, telephone logs, jottings, announcements, instructions, ledgers, checks (front and back), check stubs, bills, orders, records, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter however produced or reproduced.

D.      "Relates to" or "relating to" shall be construed to include "refers to," "summarizes," "constitutes," "contains," "studies," "analyzes," "considers," "explains," "mentions," "shows," "discusses," "describes," or "comments upon."

E.      "Communication" shall mean any verbal, written or other transmittal of words, thoughts, ideas or images between or among persons or groups of persons whether face-to-face, by letter, or by any other means.

F.      "And" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response to the particular request.

2

G.  "Affiliates" shall mean and include any person or entity that directly or indirectly controls, is controlled by, or is under common control with another person or entity, with "control" meaning an ownership interest of more than 50 percent of the stock or other ownership interests or the ability to direct the voting of more than 50 percent of the voting rights of an entity.

H.  "Identify" means and requires you to provide the following information:

(a)  With respect to each natural person:

(1)  The person's full name;

(2)  The person's last known home address and telephone number;

(3)  The person's last known business address and telephone number;

(4)  The name of the person's last known employer or business affiliation; and

(5)  The person's last known title or business position.

(b)  With respect to a person other than a natural person:

(1)  Name;

(2)  Place of incorporation, or location of where certificates of partnership or association are filed; and

(3)  Principal place of business.

(c)  With respect to a document, either:

(1)  Produce the document pursuant to O.C.G.A. § 9-11-34; or

3

(2)    Identify the author, date, recipient and type of document.

## **INTERROGATORIES**

1.

Please provide: your full name; home addresses for the past five years and dates you lived at each; marital status; the date and location of each time you were married (and date of each divorce, if applicable); date of birth; and driver's license number and state of issuance.  For each of your home addresses, please provide the names and current home addresses of all persons who lived with you at each location.

2.

Please identify any investigation reports, photographs (moving or still), video tapes, or other documents of any kind which reflect or relate to any investigation conducted by or for you of the occurrence which gives rise to this action.

3.

Please identify each person whom you or your attorney knows has given a written or recorded statement regarding the circumstances surrounding this litigation and identify each such statement.

4.

Please identify all persons known to you whom you believe to have personal knowledge of any fact relevant to the claims asserted in the Complaint or the defenses asserted in your answer.

4

For each such person, please provide a brief description of what knowledge you believe such person has.

5.

Please identify each person whom you expect to call as an expert witness at trial. State the subject matter upon which the expert is expected to testify and state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

6.

Please identify the person or persons responsible for preparing your responses to these Interrogatories, and identify each person who was consulted, and each document referred to, and the process of preparing such responses.

7.

Have you ever been convicted of a crime or plead guilty to a crime that resulted in incarceration or a fine in excess of $100?  If so, please identify: the date of the charges, the charge(s) against you; the disposition of the charge; the court handling your case.

8.

Have you ever had your driver's license restricted, revoked, or suspended?  If so, please describe in reasonable detail the reason(s) it was suspended or revoked, the date of the suspension or revocation, and the date it was reinstated.

9.

Describe any judicial hearing or proceeding of any nature concerning the collisions which are the subject of this litigation.  For each such hearing, please provide: the date of the hearing; the

5

court handling your case; the case number; the nature of the hearing; the names of any testifying witnesses; the name and address of any person reporting or transcribing the hearing; the present location of any transcript of the hearing; the name of the person having possession of such a transcript; and the final disposition.

10.

If you have ever been cited for any traffic violation, please state for each such incident: the nature of the conduct for which you were cited; the jurisdiction in which you were cited; the date of the citation; the applicable legal provision you were cited for violating; and the ultimate disposition of the citation.

11.

If you have ever been involved in a collision, accident, or wreck involving a motor vehicle, please state for each such incident: the date of the incident; a brief description of how the incident occurred; the names, addresses, and telephone numbers of all persons who witnessed the incident or were involved in the incident; any citation you received for the incident; and the name, address, and telephone number of any person who investigated the incident.

12.

Please identify any statement made to you by Plaintiffs in connection with the subject matter of this lawsuit.

13.

Please identify and fully describe all policies of insurance, including umbrella insurance, which may be used, in whole or in part, to satisfy any judgment which may be entered against you

6

in this action, including the name, address, and phone number of the insurance company, the insurance policy number, the insurance policy limits, and the name of the insured.

14.

Please state for each employer you have worked for over the past ten years: dates of employment; your job title; the name, address, and telephone number of the employer; your supervisor's name and telephone number; and your duties.

15.

If you have ever been a party to a lawsuit, list for each lawsuit: the style of the case; the substance of the litigation; the court in which the suit or charge was filed; and the disposition of the suit.

16.

Identify any photographs, charts, diagrams, videotapes, illustrations, or any other demonstrative documents relating to the collisions which are the subject of this litigation.

17.

State whether you consumed any alcoholic beverages, drugs, medications, or any other mind-altering substances within the twenty-four hours before the collision which is the subject of this litigation. If you did take any such substance, state what specifically you consumed, where you consumed it, the amount you consumed, and the time period over which you consumed each substance identified.

7

18.

If you have ever been treated for alcohol abuse, drug abuse, or abuse of any other substance, please state: the type of treatment you received, the location of the treatment, the dates of your treatment, and the last time you used the substance.

19.

If you have ever taken a test for the presence of drugs or alcohol (including, but not limited to, any test taken after the collisions which are the subject of this litigation) or refused such a test, please state for each such test: the date the test was administered; the results of the test; whether you were disciplined as a result of the test; the name, address, and telephone number of the person or entity that administered the test; and the name, address, and telephone number of each person who has custody of the test results.

20.

Please identify each prescription and non-prescription medication you took or were prescribed between August 22, 2021 to September 22, 2021. For each such medication, please provide: the name of the medication; the name, address, and telephone number of the medical professional, if any, who prescribed the medication; whether or not you actually took the medication at any time during September 22, 2021; your reason for taking the medication; and any side effects the medication caused you to experience.

21.

Please state any medical injury, symptom, condition, disease, or disorder which ever impaired or currently impairs your ability to drive a motor vehicle safely. For each responsive

8

item, please state the date on which you began suffering the impairment and describe the nature of the impairment.

22.

If you contend the personal injuries suffered by Plaintiffs were not caused by the collision with your vehicle, please state with particularity the facts upon which you base this contention.

23.

Please give a concise statement of facts as to how you contend the subject collision occurred.

24.

If you contend Plaintiff caused or contributed to their personal injuries, state all facts upon which you rely to demonstrate this contention.

25.

Please state in detail your itinerary for the twelve hours immediately preceding the vehicle collision, including each place at which you were present, your length of stay at each such place, and a detailed account of whom you saw and what you did at each such place.

26.

Please describe in detail why you were driving at the time of the collision at issue in this case, your intended destination at the time of the collision at issue, and what you intended to do at your destination.

9

27.

Please identify all persons who arrived at the scene of the vehicle collision while you were there.

28.

Please state in detail all actions you took or attempted to take to avoid hitting the vehicle driven by Plaintiff.

29.

If you contend that there is an individual or entity who is liable or may be potentially liable for some or all of Plaintiffs' injuries, but is not a named party, then please identify that entity or individual.

30.

Identify any and all passengers in your vehicle at the time of the collision at issue in this case.

31.

For each affirmative defense raised in your answer, please identify the specific facts you contend support each defense.

32.

Identify the cellular phone service provider for each phone in your possession on September 22, 2021 and the phone numbers associated with each device.

This the 15th day of February, 2022.

By:     _/s/ Eric Jensen_____

10

Eric L. Jensen
Georgia Bar No. 391259
Attorneys for Plaintiff

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Bldg. G, Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

11

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
WALTON COUNTY, GEORGIA

**SUCV2022000301**

**JEFFREY L. FOSTER**
**FEB 24, 2022 01:56 PM**

*Karen P David*
Karen P David, Clerk
Walton County, Georgia

IN THE SUPERIOR COURT OF WALTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| GARRY JEAN-LOUIS and | ) | |
| MURIELLE JEAN-LOUIS, | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APRIL COMBS, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANT APRIL COMBS

COMES NOW, Plaintiff, and serves their first requests for production of documents on Defendant April Combs pursuant to O.C.G.A. § 9-11-34. Defendant is requested to produce for inspection and copying the documents requested herein at the offices of counsel for Plaintiffs, Jensen Law, LLC, 6111 Peachtree Dunwoody Road, Building G, Suite 201, Atlanta, Georgia 30328 no later than forty-five (45) days after the date of service.

Defendant is further reminded that the provisions of O.C.G.A. § 9-11-26(e) require a responding party to supplement its responses in the manner provided.

If privilege is claimed as to any document otherwise covered by this request for production, Plaintiffs request that each document as to which privilege is claimed be identified in a manner such that the Court may determine whether or not such document is entitled to the accorded privileged status. Specifically, state (a) the document's sender or author, recipient, date, type of

1

document (e.g., letter, memorandum, record, etc.) and general subject matter; and (b) the basis upon which you claim the privilege. Plaintiffs refer to and incorporates the "Definitions" provided in their first Interrogatories to you.

Please produce the following:

1.

Each document identified in your Interrogatory responses.

2.

Any traffic citations, accident reports, documentation related to the final disposition of any citations, and/or transcripts of any judicial hearing relevant to the incident giving rise to this litigation.

3.

All documents which you contend contain relevant information in support of any defense asserted in this lawsuit, or which are relied upon to demonstrate and support facts relevant to this litigation.

4.

Every document that records, reflects, or evidences correspondence or communications regarding the events that give rise to this litigation.

5.

All documents concerning any release, settlement, or other agreement, formal or informal, pursuant to which the liability of any person or any entity for damage arising out of the occurrence which is the subject matter of this lawsuit has been limited, reduced, or released in any manner.

This request includes all agreements by one party or person to indemnify another party or person for claims asserted in this litigation.

6.

Any report(s) prepared by any expert(s) specially retained by you to testify at the trial of this matter.

7.

The resume or curriculum vitae of any specially retained expert witness named in response to the Interrogatories to you.

8.

All documents consulted, referred to, or otherwise utilized in any way in connection with the preparation of your responses to Plaintiffs' Interrogatories.

9.

A copy of your driver's license that was in effect on September 22, 2021.

10.

Each communication, document, photograph, or recording relating to any job, work, party, event, social gathering, meeting, dinner, or other occasion which you attended in the twenty-four-hour period immediately preceding the collision at issue in this case.  Documents responsive to this request include, but are not limited to e-mails, text messages, invitations, food and drink receipts, photographs, paystubs, timecards, pictures and video recordings.

11.

Your cellular telephone bill(s) and any records showing calls and messages in to or out from your cellular phone on September 22, 2021.

3

12.

All credit card and debit card statements encompassing charges and/or debits made on September 22, 2021.

13.

A copy of the vehicle title or registration of the vehicle you were driving at the time of the collision.

14.

Any and all records for treatment you underwent from any medical provider or health practitioner from August 22, 2021 to September 22, 2021.

15.

The results of any drug or alcohol screening you underwent following the September 22, 2021 collision at issue.

16.

A copy of your driving history for the past 7 years.

17.

Any and all damage appraisals and repair invoices for the vehicle you were driving at the time of the collision at issue in this case.

18.

All photographs or videos of the vehicle you were driving, your person, and the vehicle driven by Plaintiff taken following the September 22, 2021 collision.

4

19.

All documents which defendant contends contain relevant information in support of any

defense asserted by defendant in this lawsuit, or which are relied upon to demonstrate and support

facts relevant to this litigation. <u>E.H. Siler Realty & Business Broker, Inc. v. Sanderlin</u>, 158 Ga.

App. 796, 798, 282 S.E.2d 381, 383 (1981).

20.

Any and all documents received from non-parties to this action in response to subpoena,

notice to produce, request for production of documents, or any other similar request you, your

attorneys, and/or anyone else sent on your behalf seeking documents relevant and/or related to

Plaintiffs and/or this matter.

21.

Any and all transcripts and/or recordings of any interview or statements made pertaining

to the September 22, 2021 subject collision.

This 15th day of February, 2022.

By:    */s/Eric Jensen*
       Eric L. Jensen
       Georgia Bar No. 391259
       Attorneys for Plaintiff

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Bldg. G, Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

5