IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| GARRY JEAN-LOUIS and MURIELLE JEAN-LOUIS,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA and ANGELA BOLEMON,<br><br>    Defendants. | *<br>*<br>*<br>*   CASE NO. 3:22-CV-51 (CDL)<br>*<br>*<br>* |

O R D E R

This action arises from a car wreck.  Plaintiffs allege that Defendants April Combs and Angela Bolemon were negligent in operating their vehicles and that they caused injuries to Plaintiffs.  Plaintiffs filed this action in the Superior Court of Walton County, Georgia.  The United States Attorney for the Middle District of Georgia certified that when the actions giving rise to Plaintiffs' claims occurred, Combs "was acting within the scope of her office and employment with the United States" as an employee of the United States Drug Enforcement Administration. Certification of Scope of Employment, ECF No. 2-1.  The United States then filed a Notice of Substitution of Party Defendant substituting the United States for Combs with respect to the claims in Plaintiffs' complaint, in accordance with 28 U.S.C. § 2679(d)(1).  Notice of Substitution of Party Def., ECF No. 2.

The United States removed the action to this Court in accordance with 28 U.S.C. § 2679(d)(2).

The United States filed a motion to dismiss the claims against it because Plaintiffs did not exhaust their administrative remedies with the Drug Enforcement Administration before filing this action. Plaintiffs' exclusive remedy for personal injuries arising from an alleged tort committed by an employee of the federal government is an action against the United States pursuant to the Federal Tort Claims Act. 28 U.S.C. § 2679(b). Before filing suit under the Federal Tort Claims Act, a plaintiff must first present the claim to the appropriate federal agency, and that claim must "have been finally denied by the agency." 28 U.S.C. § 2675(a). Plaintiffs do not allege that they submitted an administrative claim to the Drug Enforcement Administration regarding their injuries arising out of the wreck with Combs. Plaintiffs also did not respond to the Government's assertion that they failed to do so. The Government presented evidence that the Drug Enforcement Administration has no record that Plaintiffs presented any claims to that agency regarding the wreck. Tiersky Decl. ¶¶ 6-7, ECF No. 3-1. For these reasons, the Court finds that Plaintiffs' claims against the United States should be dismissed for failure to exhaust administrative remedies.

The only claims remaining in this action are Plaintiffs' claims against Bolemon. The Court does not have original

jurisdiction over those claims.  The Court has dismissed the only claims over which it had original jurisdiction, and it declines to exercise supplemental jurisdiction over Plaintiffs' claims against Bolemon.  *See* 28 U.S.C 1367(c)(3).  Accordingly, this action—which is now against Bolemon only—is remanded to the Superior Court of Walton County, Georgia.

    IT IS SO ORDERED, this 2nd day of June, 2022.

                                           s/Clay D. Land
                                           CLAY D. LAND
                                           U.S. DISTRICT COURT JUDGE
                                           MIDDLE DISTRICT OF GEORGIA